IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOUGLAS LINCOLN, JR., §<br>#195222, §<br>      Plaintiff, §<br> §<br>v. §<br> §<br>THE STATE OF TEXAS, ELLIS §<br>COUNTY TEXAS SHERIFF'S §<br>OFFICE, UNITED STATES §<br>HOMELAND PRISONER §<br>TRANSPORT LLC, and WAYNE §<br>MCCOLLUM DETENTION §<br>CENTER, §<br>      Defendants. § | No. 3:22-cv-01591-L (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Douglas Lincoln, Jr., a pretrial detainee at the Wayne McCollum Detention Center in Waxahachie, Texas, filed this *pro se* civil action under 42 U.S.C. § 1983, and paid the filing fee. In his pleadings, Lincoln alleges he is being wrongfully incarcerated and that Defendants violated his Due Process rights by holding him without bond or a bond hearing. In view of these allegations, the Court should construe this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and dismiss it for failure to exhaust state court remedies. S*ee Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *see also Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as Dickerson's [pre-trial challenges to state charges] are properly brought under 28 U.S.C. § 2241, which applies to

1

persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.") (footnote omitted). To the extent Lincoln also claims that Defendants violated his constitutional rights by subjecting him to "inhumane treatment," "torture," and "assault on a prisoner," the Court should sever those claims into a new civil action under § 1983.

### I.

Lincoln alleges that he was arrested on or around March 28, 2020, and transported to Texas where he is still awaiting trial in Ellis County on charges for aggravated assault with a deadly weapon with a hate crime enhancement. Am. Pet. 6 ([ECF No. 8](#)); *see also* [http://findtheinmate.com/gsapdfs/166179458290929.VERIFY.19965.63383722.html](http://findtheinmate.com/gsapdfs/166179458290929.VERIFY.19965.63383722.html) (last visited Aug. 29, 2022). Lincoln claims he was falsely accused and arrested without probable cause, and now he is being maliciously prosecuted without due process for a crime he did not commit. Am. Pet. 4, 6. As relief, he seeks financial compensation in "the maximum [amount] allowed by law." *Id*. 4.

### II.

Pretrial petitions, like Lincoln's, are properly brought under § 2241, which applies to a person in custody, regardless of the present status of the case pending against that person or whether a court has rendered a final judgment. *See* [*Stringer*, 161 F.3d at 262](#). But a state pretrial detainee must

fully exhaust available state remedies before seeking federal habeas relief. *See Dickerson*, 816 F.2d at 225 (addressing a § 2241 filed by a state pretrial detainee). And exhaustion under § 2241 requires that a state pretrial detainee fairly present his claims to the state courts. *Id.* at 228. In Texas, this involves submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals (CCA). *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). An exception may exist where there is an absence of available state corrective measures available or "exceptional circumstances of peculiar urgency" make any such process ineffective to protect the petitioner's rights. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (quoting *Ex Parte Hawk*, 321 U.S. 114, 118 (1944)).

Here, Lincoln cannot demonstrate that he exhausted his state court remedies prior to filing his § 2241 petition. In his petition, he does not mention the exhaustion of his claims in state court. Further, an independent review of the Texas CCA's website reveals that Lincoln has not presented his claims to the Texas CCA. Consequently, his petition should be dismissed.

### III.

Lincoln's filings also suggest he intends to bring a civil rights claim under § 1983. Specifically, he argues that was subjected to "inhumane treatment," "torture," and "assault on a prisoner" when—during his extradition to Texas—he was "continuously chained to a vehicle for seven days straight" without air conditioning, despite the fact the temperatures

3

exceeded 100 degrees. Am. Pet. 3, 7. He further argues that the nine months he was held at the Ellis County Jail violated his constitutional rights. *Id.* 8-9. As relief for these constitutional violations, Lincoln apparently seeks financial compensation. *Id.* 4.

"[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Hilliard v. Bd. Of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (quoting *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)). When a favorable determination of the prisoner's claims would not automatically entitle him to accelerated release, the suit should be analyzed as a civil rights claim. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Here, Lincolns' civil rights claims will be severed from his § 2241 habeas action.

## IV.

For the foregoing reasons, the Court should dismiss Lincoln's § 2241 petition without prejudice for failure to exhaust state court remedies.

Additionally, the Court SEVERS Lincoln's civil claims from this habeas action filed under § 2241 and directs the Clerk of Court to open a new civil rights case (nature of suit 550) for the now-severed claims and file a copy of this order in that case. The new case should be assigned to the same District Judge and Magistrate Judge as this habeas case. Finally, all future

4

pleadings related to the severed civil rights matter should be filed in the new case.

Signed August 29, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.